UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**1920 ENTERPRISES, INC.**                                    **CIVIL ACTION**

**VERSUS**                                                    **NO: 06-3780-HGB-SS**

**HARTFORD STEAM BOILER
INSPECTION**

## ORDER

HSB'S MOTION TO EXPEDITE HEARING (Rec. doc. 52)

**GRANTED**

UNITED FIRE'S MOTION TO QUASH NOTICE OF RULE 30(b)(6) DEPOSITION BY NON-PARTY DEPONENT (Rec. doc. 45)

**GRANTED**

On June 27, 2006, the plaintiff, 1920 Enterprises, Inc. d/b/a Broussard's ("Broussard's"), filed a petition in state court against Hartford Steam Boiler Inspection and Insurance Company ("HSB"). The petition sought to recover on insurance policies for losses incurred following Hurricane Katrina. The petition was removed to federal court. Rec. doc. 1.

On October 12, 2006, Broussard's and Preuss Properties, LLC filed a petition in state court against United Fire & Casualty Company ("United Fire") and Property Loss Consulting, Inc. This petition also sought to recover on insurance policies for losses incurred following Hurricane Katrina. The plaintiffs allege that their commercial properties sustained substantial damage and their business was interrupted as a result of being unable to resume normal operations. The second petition was also removed to federal court. See Civil Action no. 06-9963-SSV-KWR at Rec. doc. 1 (the "United Fire litigation"). The United Fire litigation was dismissed with prejudice on January 19, 2007. Rec.

doc. 7, United Fire Litigation. The plaintiffs accepted $425,000 in full settlement of their claims against United Fire and related parties. The receipt, release and indemnity agreement does not detail any division of the settlement funds between property damage and business interruption claims. Rec. doc. 51( Exhibit A).

HSB contends that certain portions of the $425,000 obtained by Broussard's from United Fire duplicate the recovery sought by Broussard's in its claim against HSB. It contends that it is entitled to a credit for all amounts paid in settlement by United Fire to Broussard's for the losses which are also allegedly covered under HSB's policy, including losses arising out of business interruption. Broussard's has not filed a memorandum disputing this contention. United Fire produced portions of its claim file to HSB, but it contends that these documents did not contain a comprehensive explanation and recitation of the details of United Fire's settlement with Broussard.

On May 7, 2007, HSB noticed the deposition of United Fire for New Orleans, Louisiana, for May 16, 2007. The deposition was noticed pursuant to Fed. R. Civ. P. 30(b)(6). It sought documents and the testimony of a representative of United Fire with knowledge of the subject matter identified in the subpoena as follows:

> The handling and settlement of your file pertaining to 1920 Enterprises Inc. d/b/a Broussard's Restaurant, account number 3000101321 and policy number 85307955, and more specifically to all information on the manner and means of the settlement of this claim, the adjustment of this claim, the amount paid in settlement, the disbursement of the settlement funds, <u>the allocation of settlement funds to particular losses, including not limited to property loss and business income</u>, the existence of documentation evidencing settlement, and any and all other information pertaining to the management and settlement of this claim, and any and all other relevant knowledge the witness may possess.

Emphasis added.[1] On May 8, 2007, The subpoena was served on United Fire through the Louisiana Secretary of State. Objections were made on several grounds. Rec. doc. 51 (Exhibit C).

On May 14, 2007, United Fire filed a motion to quash. It raises four issues: (1) the deposition was improperly noticed for Louisiana instead of Iowa, United Fire's domicile; (2) the subpoena seeks documents that are protected from disclosure by the attorney-client privilege and the work product doctrine; (3) United Fire was not provided with reasonable notice; and (4) the documents were previously produced. Rec. doc. 45. The discovery deadline is May 21, 2007. Rec. doc. 21. UBS filed a motion to expedite consideration of the motion to quash in an effort to secure the information prior to the expiration of the discovery deadline. Rec. doc. 52. The motion for expedited consideration will be granted.

Fed. R. Civ. P. 45(c)(3)(A)(ii) provides that the court shall quash a subpoena if it, "requires a person who is not a party . . . to travel to a place more than 100 miles from the place where that person . . . regularly transacts business. . . ." United Fire contends that the subpoena requires its corporate representative to travel from Cedar Rapids, Iowa, its principal place of business, to New Orleans and therefore the subpoena must be quashed. In apparent recognition of this deficiency, HSB states that it is willing to travel to United Fire's corporate headquarters in Iowa for a deposition. It reports that it was compelled to notice the deposition for New Orleans because of the impending discovery deadline and the inability to resolve the discovery issues with United Fire. The court is constrained by Rule 45(c)(3)(A)(ii) to grant the motion to quash.

---

[1] The parties did not attach a copies of the deposition notice and subpoena. The court requested copies. They will be filed in the record.

3

The discovery deadline in this matter was extended to June 15, 2007 solely for purposes of permitting the parties to complete the discovery provided for in the order of May 17, 2007. Rec. doc. 50. The discovery deadline will be extended to June 15, 2007 to permit the HSB to pursue its discovery of United Fire. This will provide HSB with sufficient time to notice United Fire's deposition for Iowa and have a subpoena issued by the federal court in Iowa.

If United Fire maintains the remaining objections and it declines to stipulate to their resolution by this court, the federal court in Iowa will have to resolve the dispute. HSB requested a telephone discovery conference to resolve all of the issues. After reviewing the deposition notice and subpoena, the court concluded that the subpoena must be quashed. Without a valid subpoena there is no basis for proceeding with a telephone discovery conference and, without briefing or in camera inspection of documents, no means to resolve the remaining objections.

IT IS ORDERED that:

1. HSB's motion to expedite hearing (Rec. doc. 52) is GRANTED.

2. United Fire's motion to quash its Rule 30(b)(6) deposition (Rec. doc. 45 ) is GRANTED.

3. The discovery deadline is extended to June 15, 2007 to permit HSB to complete its discovery of United Fire.

New Orleans, Louisiana, this 22nd day of May, 2007.

SALLY SHUSHAN
United States Magistrate Judge