UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| 1920 ENTERPRISES, INC. d.b.a. BROUSSARD'S RESTAURANT | CIVIL ACTION |
| VERSUS | NO. 06-3780 |
| HARTFORD STEAM BOILER INSPECTION & INSURANCE COMPANY | SECTION "C" |

ORDER AND REASONS

Before the Court is Defendant's Motion for Summary Judgment,[1] under Rule 56 of the Federal Rules of Civil Procedure. For the following reasons, the Court DENIES Defendant's motion.

BACKGROUND

Plaintiff operates a restaurant in the French Quarter, knows as Broussard's. Prior to Hurricane Katrina, Plaintiff purchased two separate insurance policies issued by two different companies. United Fire & Casualty Insurance (United) issued an all-risk commercial property policy covering the period of April 24, 2005 through April 24, 2006. The policy provided, in pertinent part, coverage for damage to the building in the amount of $3,000,000; damage to business personal property in the

---

[1] Rec. Doc. 31.

1

amount of $500,000; and loss of business income other than rental value in the amount of $800,000. The Hartford Steam Boiler Inspection and Insurance Company (Hartford) issued an equipment breakdown policy covering the period of April 22, 2005 through April 22, 2006. The policy provided, in pertinent part, coverage for equipment breakdown in the amount of $3,300,000; service interruption in the amount of $100,000; perishable goods in the amount of $50,000; and ordinance or law in the amount of law in the amount of $25,000. The policy covers exclusively equipment breakdown that was a "direct result of" or "solely attributable to" an "accident."[2]

Following Katrina, Plaintiff submitted claims to both insurance companies for losses it sustained during the hurricane. United has paid Plaintiff approximately $750,000 for damage to the building, contents and loss of business.[3] Hartford has paid approximately $10,000 for replacement of three compressors.

Plaintiff filed this action to recover additional amounts from Hartford, alleging that Hartford has not paid for additional property damage, spoilage of food, and loss of business income, all of which Plaintiff alleges are covered under the policy, and totaling in excess of $1,400.000.00.

**LEGAL STANDARD**

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law.[4] A court must be satisfied that no reasonable finder of fact could find for the nonmoving party or,

---

[2] See Hartford policy declarations, Rec. Doc. 31-7.
[3] The Court notes that Plaintiff also filed a separate suit against United, which was settled. It is unclear whether the $750,000 includes any amount from the settlement.
[4] See Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).

2

in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor."[5]

When considering a motion for summary judgment, the Court "will review the facts drawing all inferences most favorable to the party opposing the motion."[6]

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."[7]  Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[8]  In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations."[9]

The non-moving party may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial.[10]

**DISCUSSION**

Defendant argues that it is entitled to summary judgment Plaintiff cannot satisfy its burden to prove its unreimbursed losses were directly caused by and solely attributable to an accident.  The Hartford policy, Defendant argues, is a specifically-tailored, named

---

[5] *Lavespere v. Niagara Mach. & Tool Works, Inc*., 910 F.2d 167, 178 (5th Cir.1990), citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986); see also *Taita Chem. Co. v. Westlake Styrene Corp*., 246 F.3d 377, 385 (5th Cir. 2001).
[6] *Reid v. State Farm Mut. Auto Ins. Co*., 784 F.2d 577, 578 (5th Cir. 1986).
[7] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[8] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).
[9] See *Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n*., 497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co*., 974 F.2d 646, 649 (5th Cir. 1992).
[10] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); see also *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir.1996).

peril policy that provides coverage for equipment breakdown not normally covered by an all-risk policy. As such, it may not be used to fill the gap between what Plaintiff recovered under its policy with United and the losses Plaintiff claims are left over. Finally, Defendant argues, the record establishes that wind, wind-driven rain, ordinances or laws restricting access to the restaurant, power outage and mold were the contributing causes of Plaintiff's damage.

Plaintiff claims there is evidence in the record that an accident occurred and Plaintiff suffered losses directly as a result of and solely attributable to the accident, in this case a power surge, as evidenced by its expert report from Thomas Freeman. Specifically, Plaintiff asserts that all three compressors were damaged in the same way, i.e., each suffered a locked rotor condition requiring replacement of the compressor, which is evidence that a simultaneous accident occurred. The chances of all three compressors breaking down in the same way at the same time as a result of a design or mechanical defect are so small that Plaintiff's expert has never seen it happen in his 29 years of experience. Plaintiffs allege the broken compressors rendered the refrigeration equipment inoperable, which directly caused the loss of the food and wine, and the lack of refrigeration prevented the business from operating, causing the loss of income. Plaintiffs also argue that discovery is not complete, and so summary judgment is not appropriate at this time.

The Court finds that there are genuine issues of material fact that must be presented to a jury. For example, a factual dispute exists as to what extent the broken compressors were directly responsible for the damages to the refrigeration equipment, food and wine spoilage, and any loss of business income until the compressors could be

replaced. The parties' experts dispute the cause of the compressor damage, i.e., whether it was caused by mechanical breakdown or a power surge. The parties also dispute whether the compressors needed to be replaced, or whether the entire refrigeration units required replacement. Finally, as Plaintiff points out, discovery has not been completed, making summary judgment inappropriate at this time.

**ACCORDINGLY**, **IT IS ORDERED** that Defendant's Motion for Summary Judgment is **DENIED**.

New Orleans, Louisiana this 1st day of June, 2007.

_____
HELEN G. BERRIGAN
U.S DISTRICT JUDGE

5